UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | No. 3:14-CR-225 (VLB) |
| v. | : | |
| **GONZALEZ,** | : | May 28, 2019 |
| Defendant. | : | |

## ORDER ON MOTION FOR RECOMMENDATION OF SENTENCE REDUCTION

Defendant Marlon Gonzalez ("Defendant" or "Mr. Gonzalez") has moved the Court to recommend that he be permitted to participate in the half-way house component of the Bureau of Prisons ("BOP") RDAP Program. The Defendant completed the portion of the program conducted in the prison facility, but is ineligible to participate in the halfway house component of the program because BOP policy prohibits participation by individuals like Mr. Gonzalez whose offense conduct involved a firearm.

The Court lacks authority to order the BOP to make such a recommendation. Pursuant to 18 U.S.C. § 3621(e)(2)(B), BOP has discretion regarding whether a one-year reduction should be granted. BOP has sole and exclusive authority to design and determine the eligibility of its correctional programs. In *Lopez v. Davis*, the Supreme Court held that BOP "may categorically exclude prisoners based on their preconviction conduct. . . . [and it] reasonably concluded that an inmate's prior involvement with firearms, in connection with

commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." 531 U.S. 230, 244 (2001). BOP has the authority to deny Mr. Gonzalez participation in the halfway house component of RDAP because of his prior involvement with firearms.

The presentence report, which was forwarded to the BOP, details Mr. Gonzalez's lengthy, persistent and excessive marijuana use and the failure of other programs to meet his recovery needs. It also describes the offense conduct. BOP is in the best position, especially now during the opioid epidemic which undoubtedly poses strains on its resources to meet the correctional needs of inmates suffering addiction to deadly substances, to determine eligibility to participate in RDAP. The Court has no authority, nor does it have the information necessary, to determine who is most deserving of admission to the RDAP program. For these reasons, Defendant's Motion is DENIED.

IT IS SO ORDERED.

/s/
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: May 28, 2019.