**Standing Order in Motions for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in relation to the COVID-19 pandemic**

The Court finds that modification of the motion procedures set forth in D. Conn. L. R. 7 is necessary to expedite the prompt and just resolution of time-sensitive motions for compassionate release in relation to the current COVID-19 pandemic. This Standing Order shall apply to all motions for modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling" reasons in relation to the COVID-19 pandemic and filed on or after April 10, 2020. The Court expects the parties to take all reasonable measures to aid in the prompt and just disposition of these matters. Accordingly, the parties shall comply with the following briefing requirements:

1. Before filing the motion, counsel for the defendant must confer with counsel for the Government to inquire if the Government will consent or object to the motion.

2. In the event the Government consents to the defendant's motion, or the Federal Bureau of Prisons ("BOP") moves for release on the defendant's behalf, counsel for the defendant must immediately contact Chambers by telephone at 860-240-3123 and email the Court's Courtroom Deputy at Jeremy_Shafer@ctd.uscourts.gov.

3. The defendant's moving brief shall not exceed <u>14 pages</u> (Arial, 12pt. font, bold, double spaced). The motion must address the following issues and be accompanied by the following exhibits:

    a. A statement of the statutory basis for the defendant's motion;

1

    b. whether the Government consents to or objects to the motion;

    c. a statement of the defendant's current medical condition, illness, or other extraordinary circumstance, including diagnosis and prognosis, any prescribed treatment, and the present effect of the treatment at controlling the condition or illness;

    d. a sealed copy of the defendant's medical records for the last six months;

    e. a dated copy of the inmate request to the warden of the defendant's facility requesting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and any response thereto;

    f. a copy of the defendant's disciplinary report from the BOP or non-BOP facility, if so designated;

    g. a sealed copy of the Pre-Sentence Report ("PSR") if the defendant was sentenced in another district or if the PSR is not available on the electronic docket based on the age of the case.

4. If any of these items are not available at the time of filing, counsel for defendant must state what steps were taken to obtain these documents and include copies of any outstanding document requests or address why the requirement is inapplicable. A copy of any subsequently received document must be filed on the docket within 24 hours of counsel's receipt.

5. If the Government opposes the motion, the Government's response brief is due <u>within 7 days and shall not exceed 14 pages</u>. In addition to responding to defendant's motion, the Government must also address the following:

    a. What is the current status of the COVID-19 pandemic at defendant's facility, including the number of inmates and staff who have tested positive for COVID-19 and how many inmates or staff have been treated for or died from COVID-19;

    b. What steps are routinely taken at the defendant's facility to reduce the risk of infection and severe illness; and

    c. What COVID-19 testing and tracking protocols and treatment measures are followed for inmates and staff who are suspected of having or have become infected?

6. Should the defendant choose to file a reply brief, they must do so within <u>3 days of the Government's response</u>. The defendant's reply brief shall not exceed <u>5 pages</u>.

7. These deadlines may be extended for good cause pursuant to D. Conn. L. R. 7(b). The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension. Any party seeking an extension should note that these deadlines expressly balanced potential operational obstacles caused by the pandemic with the need to address these motions as promptly as possible.

This order shall be in effect until otherwise revoked by the Court.

                                           IT IS SO ORDERED
                                              /s/
                                        Hon. Vanessa L. Bryant
                                        United States District Judge

Dated at Hartford, Connecticut: April 10, 2020